UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSPEH BOGGAN,

    Plaintiff,

v.                                      Case No.:  6:26-cv-00288-ACC-NWH

BENWORTH CAPITAL PARTNERS LLC,

    Defendant,
_____/

**ORDER TO SHOW CAUSE**

This cause comes before the Court *sua sponte* on review of Defendant's Notice of Removal (Doc. 2). As an initial matter, the Notice of Removal is insufficient because Defendant has not filed the entire state court record. *See* Middle District of Florida Local Rule 1.06(b). The Notice of Removal is also insufficient because it does not establish that this Court has subject matter jurisdiction. In the underlying state court action, Plaintiff brings a declaratory judgment action against Defendant arising out of a data security incident. (Doc. 2-3). Defendant has failed to establish that the amount in controversy requirement has been satisfied.

***Subject Matter Jurisdiction Based on Diversity of Citizenship***

A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction

pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *Owen Equip. & Recreation Co. v. Kroger*, 437 U.S. 365 (1978). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction "at any stage in the litigation." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

Generally, the Court accepts that the amount in controversy has been satisfied when the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the claim is really for less than the jurisdictional amount. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). However, where the claim is for an indeterminate amount of damages, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Id.* If the amount in controversy is not apparent on the face of the complaint, a court will permit the use of "deduction, inference, or other extrapolation of the amount in controversy"; but these deductions and extrapolations are not without bounds. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010).

There is no detail in Defendant's Notice of Removal that would enable the Court to determine whether the amount in controversy requirement has been satisfied. Defendant incorrectly asserts that it is not required to put forth evidence to establish the amount in controversy. This is not so—where the pleadings do not establish the amount at issue, it is Defendant's burden to put forth record evidence to establish jurisdiction. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001). Defendant vaguely alleges a cyber breach incident but does not provide any details or monetary figures involved. Defendant references only nonspecific and unspecified costs "incurred by Benworth in response to the Incident referred to in Plaintiff's Complaint, including but not limited to the costs incurred by Benworth to implement additional measures to protect against similar incident(s) from occurring in the future, are in excess of this Court's jurisdictional minimum." (Doc. 2 ¶ 18). This is insufficient to establish any monetary amount but also insufficient as it relates only to damages from Defendant's perspective.

Defendant does not offer any detail or other evidence as to the value of the claim from the Plaintiff's perspective, which is required in a declaratory judgment claim. *AIX Specialty Ins. Co. v. Ashland 2 Partners, LLC*, No. 8:18-cv-209, 2018 WL 8300395, at *3 (M.D. Fla. July 20, 2018) ("In a declaratory judgment action, [f]or amount in controversy purposes, the value of ... declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective."). Defendant

must provide specific figures or other details that would enable the Court to determine the $75,000 jurisdictional amount has been satisfied from the Plaintiff's perspective.

Based on the foregoing, Defendant is **ORDERED** to show cause within 14 days why this case should not be remanded for lack of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on February 10, 2026.

/s/ Anne C. Conway
Anne C. Conway
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented parties